UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT GAMBOA,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. CR93-2090(JET)FDB

ORDER DENYING PETITION FOR WRIT OF AUDITA QUERELA

The United States has summarized the procedural history of this case before Judge Jack Tanner, including the direct of appeal of his case (raising sentencing and equal protection issues), 2255 motions and a motion for sentence reduction, a motion for leave to file a second and successive 2255 motion, and other motions.

Petitioner asserts that although Judge Tanner gave him the lowest possible sentence of 360 months, Petitioner contends that as the Sentencing Guidelines are no longer mandatory, that Judge Tanner would have departed downward owing to the Guidelines treatment of crack versus powder cocaine. Petitioner also points to the decision of Judge Thomas Zilly in *Kessack v. United States*, C05-1828TSZ as authority for the action sought in Petitioner's case. Petitioner asserts that his Petition is based on a new rule of law, the decision in *Booker*, that was unavailable to him in 1993.

ORDER - 1

In addition to the history of the writ *audita querela*, the United States points out that the Ninth Circuit has unequivocally stated that *audita querela* is not available to challenge a conviction or sentence where the claim raised is one cognizable under 28 U.S.C. § 2255. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). This is true even where a defendant is precluded from raising a second or successive 2255 claim. *Id.* ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."

Petitioner's argument presents a claim cognizable under 28 U.S.C. § 2255, and is thus not appropriate for a writ *audita querela*. Petitioner argues for a reduction in sentence because the decision in *United States v. Booker*, 543 U.S. 220 (2005) has rendered the Sentencing Guidelines advisory and because the decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007) now permits a district court to reduce a sentence based on the difference between the treatment on the Guidelines of crack versus powder cocaine. Moreover, as the United States well notes, the amendment on which Gamboa originally sought a reduction was invalidated by the Supreme Court in *United States v. LaBonte*, 520 U.S. 751 (1997). (See United States' Memorandum, p. 4 and p. 10, n.6). Also, the amendment to USSG § 2D1.1, reducing the Guidelines applicable to defendants convicted of drug offenses involving crack cocaine does not apply to Gamboa because his Guidelines range was not calculated pursuant to USSG § 2D1.1, but rather, it was calculated pursuant to the Career Offender Guidelines in USSG § 4B1.1. The Ninth Circuit rejected a similar claim for a writ *audita querela* in *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) ("A writ of *audita querela* is not an available remedy where the claims raised would be cognizable in a Section 2255 habeas petition." While Petitioner argues in both his Petition and in his Reply to the United States' Response that the decision in *United States v. Kessack*, CV05-1828TSZ supports granting the writ in this case, this Court is not compelled to follow a district court decision in violation of directly applicable Ninth Circuit precedent.

ORDER - 2

Now, therefore, the Court concludes that Petitioner's motion for writ *audita querela* is not well taken and will be denied in accordance with the foregoing discussion and for the reasons more fully articulated by the United States in its response. Petitioner's request for oral argument and an evidentiary hearing made in his Reply will be denied as well.

IT IS ORDERED: Petition of Vincent Gamboa for Writ of *Audita Querela* [Dkt. # 166], including request for oral argument, and also entered on the docket as Gamboa's Motion for New Sentencing Hearing [Dkt. # 173] is DENIED.

DATED this 29th day of April, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE