UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>VINCENT GAMBOA,<br><br>               Defendant. | CASE NO. CR93-2090RJB<br><br>ORDER DENYING MOTION PURSUANT TO 3282 (C)(2) AND AMENDMENT 750 REQUESTING SENTENCE REDUCTION |

     This matter comes before the court on the above-referenced motion (Dkt. 198). The court has considered the documents filed in support of and in opposition to the motion, and the records and files herein, including the Presentence Report, which is attached hereto as a sealed exhibit for ease of reference, and the transcript of the sentencing proceedings (Dkt. 63 at page 61 *et seq.*). This motion addresses a legal issue and does not invoke the discretion of the court. Unfortunately, for Mr. Gamboa - and arguably for the cause of justice - the court cannot order a resentencing or sentence reduction. The reasons for that conclusion are well set out in the Government's Response to Defendant's Motion for Sentence Reduction (Dkt. 210), which

ORDER DENYING MOTION PURSUANT TO
3282 (C)(2) AND AMENDMENT 750
REQUESTING SENTENCE REDUCTION- 1

includes citations to consistent case law that is not repeated herein.  The following is a brief explanation of the reasons for the court's conclusions.

An appropriate beginning place in this analysis is the Presentence Report, which in all pertinent parts was adopted by the sentencing judge, The Honorable Jack E. Tanner.  Sentencing considered, in part, the then-existent sentencing guidelines, which resulted in an offense level of 36, based upon the offenses involving 96.6 grams of cocaine base.  The career criminal provisions of the United States Sentencing Guidelines § 4B1.1 raised that offense level to 37, based on the offenses statutory maximum of life in prison.  Also, because of the career criminal guideline, the defendant's criminal history category was VI.  The resulting USSG sentencing range was 36 months to life.  Judge Tanner sentenced the defendant to the low end of the range.

Long after Mr. Gamboa's sentencing, 18 U.S.C. § 3582(c)(2) was passed.  That statute allowed "resentencing . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the sentencing commission."  The crack cocaine guidelines were lowered pursuant to USSG Amendment 750.

Applying the reduced sentencing guidelines to Mr. Gamboa's offense, we find that the base offense level becomes 26, with 2 points added for possession of a dangerous weapon and 2 points added for his role in the offense, leaving a net guideline offense level of 30.  If the analysis ended there, Mr. Gamboa would be entitled to a resentencing.  However, because of his career criminal status under USSG § 4B1.1, the offense level remains at 37 because the maximum statutory sentences for the offenses of conviction was life in prison.  In spite of the lowering of the Guideline Sentencing range for crack cocaine offenses, the career offender sentencing guideline has not been reduced, and the net offense level of 37 and the criminal

history category of VI still apply to Mr. Gamboa, leaving him with the same sentencing range of 360 months to life. Judge Tanner's sentence of Mr. Gamboa to 360 months remains the low end of the guidelines range. Mr. Gamboa's term of imprisonment was not based upon a sentencing range that has been lowered by the sentencing commission; it was based upon his career offender status and the statutory maximum sentences for his offenses of conviction.

While the maximum penalties for Mr. Gamboa's sentences of conviction have been reduced by the Fair Sentencing Act, that statute does not apply retroactively to persons sentenced before its effective date.

Under these circumstances, the court is without authority to grant Mr. Gamboa's motion and the motion (Dkt. 198) is hereby DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of December, 2011.

ROBERT J. BRYAN
United States District Judge