UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT A GAMBOA,<br><br>Defendant. | CASE NO. CR93-2090 RJB<br><br>ORDER |

This matter comes before the court on defendant Vincent Gamboa's Motion Requesting That the Notice of Appeal Be Extended For a Period Not to Exceed 30 Days. Dkt. 24. The court has reviewed the relevant documents and the remainder of the file herein.

## PROCEDURAL HISTORY

On October 31, 2011, the court received defendant's motion for sentence modification, pursuant to 18 U.S.C. § 3582(c)(2), based upon amendments to the United States Sentencing Guidelines related to crack cocaine offenses. Dkt. 198. On December 27, 2011, the court denied the motion. Dkt. 214.

1   On January 23, 2012, the court received defendant's motion for reconsideration, which 2 was mailed at the prison on January 13, 2012.  Dkt. 216.  On January 27, 2012, the court denied 3 the motion for reconsideration.  Dkt. 217.

4   On February 9, 2012, the court received defendant's Notice of Appeal of the order 5 denying petitioner's motion for sentencing modification (Dkt. 214) and the motion for 6 reconsideration (Dkt. 216).  *See* Dkt. 218.  The Notice of Appeal was deposited in the prison 7 mail box on February 6, 2012, making that the date that the Notice of Appeal was filed.  *See* 8 Fed.R.App.P. 4(c)(1) and Dkt. 218.

9   On July 30, 2012, the 9th Circuit U.S. Court of Appeals remanded the case to the district 10 court, with the following instructions:

> On February 6, 2012, appellant filed, pursuant to Federal Rule of Appellate Procedure 4(c)(1), a notice of appeal from the district court's orders denying appellant's (1) motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), entered on December 27, 2011, and (2) motion for reconsideration, entered on January 27, 2012.  Although the notice of appeal was timely filed from the district court's January 27, 2012 order, the notice of appeal was filed more than 14 days after entry of the December 27, 2011 order, but within 30 days after the expiration of the time to file the notice of appeal.  *See* Fed.R.App.P. 4(b)(4).  Accordingly, this case is remanded to the district court, pursuant to circuit court policy, for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended for a period not to exceed 30 days from the expiration of the time for filing a notice of appeal based on a finding of excusable neglect or good cause.  See Fed.R.App.P. 4(b)(4); *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 212 (9th Cir. 1990); *United States v. Stolarz*, 547 F.2d 108, 112 (9th Cir. 1976).

Dkt. 220, at 1-2.

On July 31, 2012, the court issued an order, permitting defendant to file, not later than September 1, 2012, a motion requesting that the notice of appeal be extended for a period not to exceed 30 days from the expiration of the time for filing a notice of appeal, based upon a finding of excusable neglect or good cause.  Dkt. 221.

ORDER- 2

| | |
|---|---|
| 1 | MOTION |
| 2 | On August 24, 2012, defendant filed a motion, requesting that that period for filing a |
| 3 | notice of appeal be extended for a period not to exceed 30 days. Dkt. 24. Defendant maintains |
| 4 | that the district court's December 27, 2011 order did not reach him until January 10, 2012; that |
| 5 | he filed a motion for reconsideration within fourteen days of when he received the court's |
| 6 | December 27, 2011 order; and that he could not have known that an appeal would be necessary |
| 7 | until he received the court's order on the motion for reconsideration. Dkt. 24. |
| 8 | On August 27, 2012, the government filed a response, opposing defendant's motion for |
| 9 | leave to file a late notice of appeal, contending that defendant cannot show good cause for filing |
| 10 | an untimely notice of appeal because he received the court's December 27, 2011 order in time |
| 11 | for him to file a notice of appeal or a motion for extension of time; and defendant has not shown |
| 12 | excusable neglect because he chose to file a motion for reconsideration rather than a notice of |
| 13 | appeal. Dkt. 224. |
| 14 | TIMELINESS OF NOTICE OF APPEAL |
| 15 | Because a motion under 18 U.S.C. § 3582(c)(2) is criminal in nature, a defendant must |
| 16 | file a notice of appeal within fourteen days of the entry of either the judgment or the order being |
| 17 | appealed. Fed.R.App.Proc. 4(b)(1)(A); *United States v. Ono*, 73 F.3d101, 102-03 (9th Cir. |
| 18 | 1995). If a motion for reconsideration is filed within the time for appeal, the motion for |
| 19 | reconsideration tolls the time for filing a notice of appeal until the motion for reconsideration is |
| 20 | decided. *See United States v. Ibarra*, 501 U.S. 1, 4-7 (1991); *United States v. Belgarde*, 300 F.3d |
| 21 | 1177, 1180 (9th Cir. 2002). |
| 22 | *Timeliness of defendant's Notice of Appeal of the January 27, 2011 order denying motion* |
| 23 | *for reconsideration.* Defendant's February 6, 2012 Notice of Appeal of the court's January 27, |
| 24 | |

ORDER- 3

1  2012 order denying the motion for reconsideration was timely because the Notice of Appeal was

2  filed within fourteen days of the order.

3  *Timeliness of defendant's Notice of Appeal of the December 27, 2011 order denying*

4  *motion for sentence modification.*  Defendant filed the motion for reconsideration of the court's

5  December 27, 2011 order denying motion for sentence modification on January 13, 2012, more

6  than fourteen days after the court entered that order.  Because defendant did not file the motion

7  for reconsideration within the fourteen day appeal period for filing a notice of appeal of the order

8  denying the motion for sentence modification, the motion for reconsideration was not timely and

9  did not toll the appeal period.  Defendant filed the Notice of Appeal on February 6, 2012, more

10 than fourteen days after the court entered the December 27, 2011 order denying the motion for

11 sentence modification.  Accordingly, the Notice of Appeal of the December 27, 2011 order

12 denying the motion for sentence modification was untimely, unless the time is extended.

13                MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

14     Fed.R.App.Proc. 4(b)(4) provides as follows:

15     **Motion for Extension of Time**.  Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

18 Defendant filed the Notice of Appeal of the December 27, 2011 order denying his motion for

19 sentence modification on February 6, 2012, less than 44 days after that order was entered.

20 Therefore, if defendant shows good cause or excusable neglect, the court may extend the time for

21 filing that Notice of Appeal.  The Notice of Appeal filed on February 6, 2012 would then be

22 timely.

23     Defendant maintains that he did not receive the December 27, 2011 order denying his

24 motion for sentence modification until January 10, 2012; that he filed a motion for

reconsideration on January 23, 2012, within fourteen days of receipt of the court's December 27, 2011 order denying his motion for sentence modification; and that he did not know that he would need to appeal the December 27, 2011 order denying his motion for sentence modification until after the court ruled on his motion for reconsideration.

Defendant appears to have received the December 27, 2011 order denying his motion for reconsideration on January 10, 2012. It is understandable that he would believe that filing a motion for reconsideration within fourteen days of when he received the order would toll the period for filing a notice of appeal on the underlying order until after the court ruled on the motion for reconsideration. Defendant has shown good cause and excusable neglect for filing the February 6, 2012 Notice of Appeal. The court should grant petitioner's motion requesting that the Notice of Appeal be extended for a period not to exceed 30 days.

Accordingly, it is hereby **ORDERED** that defendant Vincent Gamboa's Motion Requesting That the Notice of Appeal Be Extended For a Period Not to Exceed 30 Days (Dkt. 24) is **GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed for forward to the Ninth Circuit U.S. Court of Appeals a copy of this order.

Dated this 7th day of September, 2012.

ROBERT J. BRYAN
United States District Judge